EAST COAST LUMBER AND SUPPLY COMPANY, *Plaintiff in Error*, v. W. S. MAXWELL AND FLORIDA INDIAN RIVER LAND COMPANY, *Defendants in Error*.

Opinion Filed January 18, 1919.

Where it appears that a corporation by its secretary endorsed a negotiable note for purposes of its own and for a benefit accruing to it, a finding and a judgment that the corporation is not liable on the endorsement is error.

Writ of Error to Circuit Court for Brevard County; J. W. Perkins, Judge.

Judgment reversed.

*Richard P. Robbins* and *Rufus M. Robbins*, for Plaintiff in Error;

*James I. Mitchell* and *Massey & Warlow*, for Defendants in Error.

WHITFIELD, J.—The plaintiff in error brought an action on a promissory note against Maxwell, as maker, and, under the statute, also joining the Florida Indian River Land Company as endorsee of the note, it being alleged that at the time of the making of the note by Maxwell, and before its delivery to the plaintiff, the Florida Indian River Land Company caused its name to be placed on the back of the said note. The Florida Indian River Land Company pleaded "that it did not make, issue nor endorse the said promissory note as alleged; that it is a corporation doing business in the State of Florida, and that said promissory note was indorsed by Stanley S. Lichty, its secretary, without its authority, with an inten-

tion and for the purpose of lending the credit of said
defendant corporation and that said indorsement has
never since been ratified or approved by it; that it is a
corporation organized and existing under the laws of
the State of Arizona and doing business in Brevard
County, Florida, and that the alleged indorsement was
an attempt by its secretary, Stanley S. Lichty, without
its authority, to lend its credit, and that neither its char-
ter nor by-laws authorize or empower it to make, issue
or indorse promissory notes for the purpose of lending
its credit or otherwise except for purposes germane to
the purposes for which it was organized, the nature of
which business is the doing of a general real estate busi-
ness, including the buying, selling, exchanging and rent-
ing of real estate and borrowing and loaning money on
real estate and any and all further acts and things neces-
sary or proper fully to carry on the said general real es-
tate business, and in that respect having all the rights,
privileges and powers that a natural person might or
could have in the same business, and that said indorse-
ment of said promissory note was not made for any of
said purposes."

Default judgment was entered against Maxwell, and
a jury having been waived, the judge upon the hearing
rendered judgment for the plaintiff against Maxwell, the
maker of the note, and further adjudged that "the court
having further found for the defendant, Florida-Indian
River Iand Company, upon the issue joined between said
defendant, Florida-Indian River Land Company, and the
plaintiff it is therefore ordered, considered and adjudged
by the court that said defendant, Florida-Indian River
Land Company, go hence without day."

The plaintiff took writ of error.

On the testimony it appears that the Florida Indian River Land Company by its secretary endorsed the note for purposes of its own and for a benefit accruing to it, and that the finding and judgment for such endorser was error, for which the judgment is reversed.

All concur.