O. E. HOBBS, N. S. GAYLE, PAYNE BROTHERS COMPANY, INC., and C. C. McCLURE, *Appellants,* vs. R. R. HODGES, and R. R. HODGES, doing business under the name and style of R. R. HODGES LUMBER COMPANY, *Appellee.*

Division A.

Opinion filed May 28, 1931.

*Farmer, Merrill & Farmer* and *Thomas Sale,* for Appellants;

*John H. Carter* and *John H. Carter, Jr.,* for Appellee.

BUFORD, C.J.—In this case certain stockholders of a Florida corporation filed a bill of complaint in which they sought to cancel as void certain mortgages which were executed by the President of the corporation in the name of the corporation, encumbering certain property described in the mortgages, certified copies of which were attached to the bill of complaint and by apt language made parts thereof.

The first mortgage referred to in the bill of complaint contains the following clause:

"WITNESSETH. Whereas party of the first part is engaged in the manufacture of and storing lumber at Wausau, Washington County, Florida, about fourteen miles south of Chipley, Florida, and the party of the second part is engaged in the business of buying

and selling lumber and whereas the parties are desirous of entering into an arrangement with each other for making advances on lumber now at the point aforesaid and that may be stacked on said yard at any time prior to the 30 day of June, 1929, and for the sale of all such lumber by the party of the second part as sales agent for party of the first part.''

The second mortgage contains the following clause:

''Party of the first part will be entitled to manufacture the said timber into lumber in the usual course of its mill business, so long as there is no default by party of the first part in the payment of any of said notes, and shall be entitled to sell the said lumber in ordinary course of business so long as there is no default in the payment of any of said notes.''

The third mortgage contains the following clause:

''WHEREAS, heretofore on the 6th day of February, 1929, one R. L. Hughes by his certain timber deed did sell and convey to Padgett Lumber Company, a corporation, all the right, title and interest acquired by said R. L. Hughes in and to the timber 8 inches and up in diameter, 12 inches from the ground, on the lands in Washington County, Florida, described by virtue of the following timber deeds, to-wit:''

which is followed by a description of the timber deeds, and then contains the following clause:

''WHEREAS, the said Padgett Lumber Company has given its seven (7) promissory notes each for the sum of One Thousand ($1,000.00) Dollars, payable to said R. L. Hughes in payment of the said timber so conveyed, the first of such notes becoming due in April, 1929, and one note maturing each month thereafter throughout 1929; and

''WHEREAS, the party of the second part hereto, R. R. Hodges, has endorsed the said promissory notes and become endorser thereon, and the party of the first

part hereto desires to secure the party of the second part hereto for such endorsement.''

The fifth mortgage contains the following clause:

''Whereas, the parties to this contract entered into an agreement heretofore on Dec. 7, 1928, by which agreement the second party was to make certain advances of money to the first party, to enable first party to manufacture lumber, etc. and by which it is agreed that when such advances should be made by the second party on the said lumber the title to said lumber should become vested in second party, the said agreement being of record in Book 39, page 347, public records of Washington County, Florida; and

Whereas, the second party to this agreement has made the advances of money to first party which it was agreed should be made by said contract of Dec. 7th, 1928—

Now, therefore, on account taken and made as of May 1st, 1929, of the lumber cut and delivered to the yard of second party and of the cash advanced by second party to the first party under said contract of December 7, 1928, the parties hereto agree as follows;''

We have quoted provisions from several of the mortgages to show that the bill of complaint, with the exhibits thereto attached, shows a course of dealing between the Padgett Lumber Company through its President and Manager, W. W. Padgett, and R. R. Hodges, doing business as R. R. Hodges Lumber Company.

The appeal is from an order sustaining demurrer to the bill of complaint. The bill, with exhibits attached, shows that money was advanced by Hodges to operate the lumber manufacturing business of Padgett Lumber Company and that to sceure the advances made Padgett as President and Manager of the Company executed mortgages on certain property of the company, a large part of which appears

by the mortgages to be the lumber manufactured pursuant to the advances.

It is the contention of appellants that the mortgages are void and of no effect because the by-laws of the corporation contained section 12, as follows:

"Section 12: All written contracts entered into on behalf of the corporation shall be signed by both the President and Secretary, and sealed with the corporate seal."

There is no offer or tender in the bill of complaint to repay to Hodges the amount advanced Padgett Lumber Company. There is no offer or tender to place the parties in status quo. Neither W. W. Padgett nor Padgett Lumber Company, a corporation, is made a party to the suit. There is no allegation in the bill to show that Padgett Lumber Company did not receive the full benefits of all the contracts sought to be cancelled. The order appealed from should be affirmed on authority of the opinion in the case of Douglass, et al. vs. State Bank of Orlando, 77 Fla. 830, 82 Sou. 593; East Coast Lumber & Supply Co. vs. Maxwell, 77 Fla. 62, 80 Sou. 741; Cotton States Belting & Supply Co. vs. Fla. Rwy. Co., 69 Fla. 52, 67 Sou. 568; Grand Lodge K. of P. vs. State Bank, 79 Fla. 471, 84 Sou. 528, and cases there cited. See also Union Bank of Florida v. Call, 5 Fla. 409 and Section 5672 C.G.L.

It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.